**GOLDEN GOODRICH LLP**
David M. Goodrich, State Bar No. 208675
dgoodrich@go2.law
Jeannie Kim, State Bar No. 270713
jkim@go2.law
Sarah Tidd, State Bar No.
stidd@go2.law
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Proposed Attorneys for Pico-Union
Housing Corp.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:26-bk-12372-VZ |
| PICO-UNION HOUSING CORP., | Chapter 11 |
| Debtor and Debtor in Possession. | **EMERGENCY MOTION FOR ORDER: (1) AUTHORIZING PAYMENT OF PREPETITION EMPLOYEE OBLIGATIONS, INCLUDING WAGES, COMPENSATION, BENEFITS, EXPENSE REIMBURSEMENTS, AND RELATED OBLIGATIONS; and (2) CONFIRMING RIGHT TO PAY WITHHOLDING AND PAYROLL TAXES; MEMORANDUM OF POINTS AND AUTHORITIES** |
| | *Supporting Declaration Gloria Farias Filed Concurrently Herewith* |
| | Hearing Date/Time/Location: |
| | Date:       March 17, 2026 |
| | Time:       12:30 p.m. |
| | Location:   Edward R. Roybal Federal Building and Courthouse 255 E. Temple Street Courtroom 1368 Los Angeles, CA 90012 or via ZoomGov |

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

# TABLE OF CONTENTS

**Page(s)**

I.  STATEMENT OF FACTS.................................................................1

    A.  Background ......................................................................1

    B.  The Bankruptcy Case .........................................................1

    C.  Overview of the Employee Obligations.......................................1

    D.  Requested Relief ...............................................................2

II.  ARGUMENT.......................................................................5

    A.  Sections 363(b), 507(a), and 105(a) Empower This Court to Authorize the Debtor to Pay or Honor Immediately the Prepetition Employee Obligations ..........................................5

    B.  The Court Should Authorize the Debtor to Withhold and Remit Immediately the Payroll Taxes and Employee Deductions that Are Not Property of the Estate................................................8

    C.  The Payment of Pre-Petition Employee Wages, Compensation and Benefits on an Interim Basis Is Necessary Under Bankruptcy Rule 6003 ..............................................9

III.  NOTICE...........................................................................10

IV.  COMPLIANCE WITH LOCAL BANKRUPTCY RULE 2081-1(A)(6) ...........11

V.  CONCLUSION ...................................................................12

i

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Burchinol v. Cent. Wash. Bank (In re Adam's Apple, Inc.)*, 829 F.2d 1484,
 1490 (9th Cir, 1987) ..................................................................................................7

*Nw. Engineering Co. v. U.S. Steel Workers*, 863 F.2d 1313, 1315 (7th Cir.
 1988) .......................................................................................................................6

*In re Penn Cent. Transp. Co.*, 467 F.2d 100, 102 and n.1 (3d Cir. 1972) .........................6

*In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175-76 (Bankr. S.D.N.Y. 1989) ......................6

*In re CoServ*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) .................................................5

*In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 192 (Bankr. D. Del. 1994) ..........................6

*In re B & W Enterprises, Inc.*, 713 F.2d 534 (9th Cir. 1983) ..............................................7

*In re Gordian Medical, Inc.*,
 8:12-12399-MW (Bankr. C.D. Cal. March 5, 2012) .................................................8

*In re Gulf Air*, 112 B.R. 152, 153 (Bankr. W.D. La. 1989) .................................................7

*In re Just for Feet, Inc.*, 242 B.R. 821 (Bankr. D. Del. 1999) .............................................7

*In re Ocean Park Hotels – Toy, LLC, et. al.*,
 1:10-bk-15358 GM (Bankr. C.D. Cal. May 11, 2010) ..............................................8

*In re Victor Valley Community Hospital*,
 6:10-39537-CB (Bankr. C.D. Cal. Sept. 17, 2010) ..................................................8

**Statutes**

11 U.S.C. § 105(a) ...............................................................................................................6

11 U.S.C. § 507 ..............................................................................................................8, 11

11 U.S.C. §§ 507(a)(4)(A), (a)(5)(A) and (B), and (a)(8)(C) and (D) ...................................5

11 U.S.C. § 541(b)(7) ...........................................................................................................9

11 U.S.C. § 541(d) ................................................................................................................9

11 U.S.C. §§ 1107, 1108 ......................................................................................................5

**Rules**

L.B.R. 2081-1(a)(6)(A) ........................................................................................................11

Local Bankruptcy Rule 2081-1(a)(6) ...................................................................................11

Local Bankruptcy Rule 2081-1(a)(6)(B) ..............................................................................11

Local Bankruptcy Rule 2081-1(a)(6)(C) ........................................................................ 11

Local Bankruptcy Rule 2081-1(a)(6)(E) ........................................................................ 11

Local Bankruptcy Rule 2081-1(a)(6)(F) ......................................................................... 12

Local Bankruptcy Rule 2081-1(a)(6)(G) ........................................................................ 12

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

iii

4937-0184-3086, v. 3

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, AND PARTIES IN INTEREST:**

Pico-Union Housing Corp., the debtor and debtor-in-possession ("Pico-Union" or "Debtor") in the above-captioned case (the "Bankruptcy Case"), hereby moves the Court (the "Motion")[1] for an order allowing, among other things, the Debtor to pay certain prepetition wages and salary obligations, including the Debtor's obligations to fund certain employee benefit programs (collectively and as described in greater detail below, the "Employee Obligations"), and pay federal and state withholding taxes, under sections 105(a), 363(b) and 507(a) of title 11 of the United States Code (the "Bankruptcy Code"),[2] on an emergency basis in accordance with Rule 9075-1(a) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Central District of California (the "LBR").  The Debtor avers that a failure to enter an order so authorizing the Debtor may be detrimental to the bankruptcy estate and its creditors.

In support of the Motion, the Debtor submits the within memorandum of points and authorities, the declaration of Gloria Farias (the "First Day Declaration") filed concurrently herewith, all of the pleadings and documents filed with the Court, and as may be represented at any hearing on the Motion.

The Debtor respectfully requests that this Court enter an order:

1.      Granting the Motion, on an emergency basis;

2.      Authorizing, but not directing, the Debtor to pay all accrued prepetition employee wage and salary obligations owed by the Debtor, up to the priority limit set forth in section 507(a)(4) of the Bankruptcy Code;

3.      Authorizing, but not directing, the Debtor to pay any and all accrued local, state, and federal withholding, social security, and other tax liabilities on account of its

---

[1] Neither anything in this Motion nor any payments made by the Debtor pursuant to this Motion shall be deemed an assumption or rejection of any employee benefit plan, employment agreement, other program or contract, or otherwise affect the Debtor's rights under section 365 of the Bankruptcy Code to assume or reject any executory contract between the Debtor and any employee or any payroll service.

[2] Unless otherwise indicated, all section references in this Motion shall be to the Bankruptcy Code.

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

prepetition payroll obligations;

4.      Authorizing, but not directing, the Debtor to pay, continue, or otherwise honor all of the Debtor's obligations under certain employee benefit programs, including, but not limited to, (a) medical, dental, vision, life, disability, and workers' compensation insurance, (b) other benefit programs the Debtor administers in the ordinary course; and (c) reimbursement of prepetition employee business expenses incurred in the ordinary course in accordance with company policy;

5.      Authorizing, but not directing, the Debtor to honor all prepetition vacation, sick leave, holiday, jury duty and other paid leave programs and policies in effect as of the Petition Date in connection with the Employee Obligations;

6.      Authorizing the Debtor to retain its prepetition payroll account(s) and all general operating accounts for 30 days, and directing the Debtor's prepetition bank and other financial institutions to honor and pay all pre- and post-petition checks issued, or to be issued, and to fund transfers requested, or to be requested, by the Debtor in connection with the Employee Obligations;

7.      Authorizing the Debtor to issue new post-petition checks or fund transfer requests related to the prepetition Employee Obligations that may have been dishonored by the banks and/or financial institutions as necessary and appropriate;

8.      Waiving the notice requirements under Rule 6004(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h); and

9.      Granting such other and further relief as is just and proper under the circumstances.

Dated: March 13, 2026                    GOLDEN GOODRICH LLP

By:    /s/ Jeannie Kim

DAVID M. GOODRICH
JEANNIE KIM
Proposed Attorneys for Pico-Union Housing Corp.

2

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

4937-0184-3086, v. 3

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  STATEMENT OF FACTS

#### A.  Background

The Debtor is a California nonprofit public benefit corporation that is committed to preserving and managing affordable housing throughout Southern California.  The Debtor is a community-based organization that emphasizes residential ownership, the establishment of effective community organizations and facilities, and the creation of activities that are intended to economically develop and benefit low-income constituents. Additional and more detailed background information about the Debtor and the events precipitating the Bankruptcy Case is set forth in the First Day Declaration and incorporated herein as if fully set forth in this Motion.

#### B.  The Bankruptcy Case

On March 12, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("Code") and commenced the Bankruptcy Case. Pursuant to sections 1107(a) and 1108, the Debtor remains in possession of its property and continues to operate its business and manage its financial affairs as a debtor in possession.  No trustee or examiner has been requested or appointed in the Bankruptcy Case.

#### C.  Overview of the Employee Obligations

As of the Petition Date, the Debtor had approximately 40 full-time, active employees[3] (the "Employees") who are paid wages and salaries (collectively, "Wages") in arrears on a bi-monthly basis, on the 7th and 21st day of each month.  The Debtor contracts with ADP, Inc. ("ADP") to act as its payroll processor and must deposit with ADP at least 48 hours before the 7th and 21st day of each month funds sufficient to satisfy all Employee Obligations (defined below).

---

[3] The Debtor continues to pay health, dental, vision, life, long- and short-term disability benefits for one retired employee.

1

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

In addition to Wages, the Debtor also provides its Employees with the following benefits as part of their respective compensation packages (i.e., the Employee Obligations): health, dental, vision, life, and disability (long- and short- term) insurance ("Insurance Benefits"). The Debtor contracts with the following to provide the Insurance Benefits to the Employees: Blue Shield of California (health, dental, vision, and life insurance), Guardian Life Insurance Company (life, long- and short-term disability insurance), and Pacific Life Insurance Company.

The Employees also accrue paid time off (vacation), sick leave, holiday pay, jury duty pay, and other paid leave (together with the Insurance Benefits, collectively, "Benefits"). From time to time, the Employees also may incur ordinary course business expenses on behalf of the Debtor, which the Debtor reimburses in accordance with company policy (the "Employee Reimbursements").

In connection with the Employee Obligations, the Debtor funds its workers' compensation insurance premiums with State Compensation Insurance Fund ("Workers' Compensation") and withholds for remittance to the appropriate taxing authority by ADP local, state and federal withholding taxes (e.g., payroll, FICA and disability taxes) (collectively, the "Payroll Taxes") related to the Employee Obligations in the ordinary course.

## D.    Requested Relief

The Debtor processed its most recent payroll on March 4, 2026 (prior to the Petition Date), for the period spanning February 16 through 28, 2026, and was paid to the Debtor's employees on March 6, 2026. The Debtor's bi-monthly payroll obligations include: (1) Wages in the aggregate amount of $100,692.70; (2) health insurance premiums in the aggregate amount of $32,564.85; (3) dental insurance premiums in the aggregate amount of $1,259.90; (3) vision insurance premiums in the aggregate amount of $233.10; (4) life insurance premiums in the aggregate amount of $7,056.40; (5) long-term disability insurance premiums in the aggregate amount of $484.83; (6) short-term disability insurance

2

premiums in the aggregate amount of $111.62.  The total aggregate amount of the Debtor's bi-monthly Employee Obligations is $142,393.40.[4]

Notwithstanding the payroll processed and paid on March 6, 2026, the Debtor has accrued new, unpaid prepaid payroll obligations for the period spanning March 1 through 15, 2026.  The Debtor must fund its next payroll no later than March 18, 2026.  While the total amount of Employee Obligations that the Debtor must fund by March 18, 2026, is $119,328.56, of this amount, the total amount of *prepetition* Employee Obligations for which the Debtor seeks authority to pay is approximately $84,490.34.  The Debtor represents that the total amounts the Debtor seeks to pay on account of prepetition Employee Obligations will not exceed the $17,150 limit established under section 507(a)(4).

Additionally, although the Debtor funded and paid its prepetition Employee Obligations on account of services rendered for the period spanning February 16 through February 28, 2026, certain payroll checks that the Debtor issued for this prepetition period remained outstanding and had not been negotiated as of the Petition Date and must be honored post-petition.  Otherwise, the Debtor believes that it risks diminution of the value of its estate as its business is dependent on its employees.  The Debtor thus seeks a Court order retroactively authorizing and ratifying the payment of the prepetition checks.

The Debtor also seeks authority, but not direction, to permit Employees to use vacation time and other paid time off subject to the Bankruptcy Code priority limitations, whether accrued before or after the Petition Date, in accordance with the Debtor's prepetition policies.  The Employees accrue paid vacation and paid time off (together, "PTO") based upon their position and the length of their employment.  The Debtor seeks authority, but not direction, to allow Employees to use accrued unused PTO in the ordinary course of business as well as to pay an Employee for accrued unused PTO upon

---

[4] Of this amount, the Debtor pays approximately $40,000 only on the 7th of each month as the Debtor's executive director is paid monthly, not bi-monthly.  Additionally, as three employees (including the executive director) are insiders (pursuant to Bankruptcy Code section 101(31), the Debtor intends to hold, and not pay, approximately $55,000 until such time that insider compensation is approved in this Bankruptcy Case.

3

4937-0184-3086, v. 3

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

termination at his/her final rate of pay, subject to the statutory cap of $17,150 (including any other pre-petition wages) per Employee for any such vacation accrued prepetition.  As of the Petition Date, the Debtor estimates that it owes approximately $72,767.56 in total unused PTO, of which Debtor estimates approximately $14,553.51 is potentially entitled to priority.

In addition to authority to pay the prepetition Employee Obligations, the Debtor requests authority to cause the withholding and remittance of all prepetition Payroll Taxes, which amounts are not the Debtor's property but ordinary and customary payroll-related taxes due and owing.

Based on the Debtor's books and records, the Debtor seeks authority, but not direction, to reimburse certain prepetition Employee Reimbursements in the aggregate amount of approximately $10,000.

The Debtor also seeks an order authorizing Debtor to retain its prepetition payroll account(s) for a period of 30 days and directing the bank and other financial institutions to honor, and not otherwise impair the Debtor's ability to deposit funds into, or withdraw funds from, the prepetition payroll account(s); and authorizing Debtor to take all actions reasonable and necessary to comply with its obligations to ADP as its existing payroll processor.  The Debtor further seeks entry of an order (i) directing all banks to honor all of Debtor's prepetition checks, and (ii) prohibiting all banks from placing any holds on, or attempting to reverse, any automatic transfers on account of the foregoing.  The Debtor believes it is imperative to retain these accounts during the case for at least the first thirty (30) days of the Bankruptcy Case to prevent the disruption of Debtor's business operations and diminution of the value of its bankruptcy estate.  Retaining the payroll account(s) will not adversely impact any creditor's respective interest, as the Debtor will not pay any prepetition claims other than those expressly requested by this Motion and authorized by the Court.

4

4937-0184-3086, v. 3

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

## II.    ARGUMENT

### A.    Sections 363(b), 507(a), and 105(a) Empower This Court to Authorize the Debtor to Pay or Honor Immediately the Prepetition Employee Obligations

Courts routinely recognize the justifications set forth above for allowing a debtor to pay pre-petition wages, compensation, and benefits. The Debtor has the right to adopt reasonable employment policies pursuant to sections 1107 and 1108 and may use property of the estate to continue its operations under section 363(b). *See* 11 U.S.C. §§ 1107, 1108, and 363(b).  Bankruptcy Code section 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate…"  11 U.S.C. § 363(b)(1).  Section 363(c)(1) allows debtors to use property of the estate in the ordinary course of business without court approval.  Furthermore, courts recognize that a debtor in possession has a fiduciary duty to, among other things, protect and preserve the bankruptcy estate.  *See, e.g., In re CoServ*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002).

In addition, section 507(a) provides a list of priorities in distribution of a debtor's estate.  The fourth and fifth priorities are for the wages and benefits of employees of the debtor, respectively, up to $17,150, for unpaid wages and benefits earned within 180 days before the Petition Date; the eighth priority relates to employment taxes. *See* 11 U.S.C. §§ 507(a)(4)(A), (a)(5)(A) and (B), and (a)(8)(C) and (D).[5]  These priority claims are paid in full before the general unsecured creditors of the estate receive a dividend.

---

[5] (a) The following expenses and claims have priority in the following order:

(4)  Fourth, allowed unsecured claims, but only to the extent of $17,150 for each individual or  corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for –

(A)  wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; or . . .

(5)  Fifth, allowed unsecured claims for contributions to an employee benefit plan –

(A)  arising from services rendered within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only

(B)  for each such plan, to the extent of –

(Continued...)

5

4937-0184-3086, v. 3

Furthermore, section 105(a) grants courts broad authority to carry out and enforce the provisions of the Bankruptcy Code using equitable doctrines. *See* 11 U.S.C. § 105(a). Taken together with section 363(b), authorizing payment of the prepetition employment expenses is an appropriate exercise of bankruptcy courts' discretion. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175-76 (Bankr. S.D.N.Y. 1989); *see also Nw. Engineering Co. v. U.S. Steel Workers*, 863 F.2d 1313, 1315 (7th Cir. 1988) ("If employees were treated in all respects as unsecured creditors, they would be inclined to desert a leaky ship, speeding up the firm's collapse. . .").

Under section 105(a), courts have invoked the "necessity of payment" doctrine to authorize the immediate payment of a debtor's prepetition obligations to unsecured creditors before plan confirmation when such payment is essential to the continued operation of the debtor in a chapter 11 reorganization. *See In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 192 (Bankr. D. Del. 1994) (to justify payment of one class of pre-petition creditors in advance of a confirmed plan, the debtor must show that payment is essential to the continued operation of the business); *In re Penn Cent. Transp. Co.*, 467 F.2d 100, 102 and n.1 (3d Cir. 1972) (pre-Code case recognizing "necessity of payment" cases permitting immediate payment of claims of creditors where those creditors will not supply services or

---

(i) the number of employees covered by each such plan multiplied by $15,150; less

(ii) the aggregate amount paid to such employees under paragraph (4) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan. . . .

(8)  Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for –

(C)  a tax required to be collected or withheld and for which the debtor is liable in whatever capacity;

(D)  an employment tax on a wage, salary, or commission of a kind specified in paragraph (4) of this subsection earned from the debtor before the date of filing of the petition, whether or not actually paid before such date, for which a return is last due, under applicable law or under any extension, after three years before the date of the filing of the petition …

11 U.S.C. §§ 507(a)(4)(A), (5)(A) and (B), and (8)(C) and (D).

6

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

material essential to the conduct of the business until their pre-reorganization claims shall have been paid).

The Ninth Circuit recognizes the "necessity of payment" doctrine.  In *Burchinol v. Cent. Wash. Bank (In re Adam's Apple, Inc.)*, 829 F.2d 1484, 1490 (9th Cir, 1987), the Ninth Circuit discussed the existence of two competing "fundamental tenets" of bankruptcy: (1) equality in the treatment of all creditors; and (2) the rehabilitation of debtor.  The court stated that the rehabilitation of a debtor "may supersede the policy of equal treatment" of creditors, and went on to describe such situations, specifically mentioning the payment of prepetition wages and benefits to employees. *Id.* ("Cases have permitted unequal treatment of prepetition debts when necessary for rehabilitation, in such contexts as (i) prepetition wages to key employees; (ii) hospital malpractice premiums incurred prior to filing; (iii) debts to providers of unique and irreplaceable supplies; and (iv) peripheral benefits under labor contracts.").[6]  Furthermore, the court went on to state that section 364(d), for example, "illustrates a Congressional willingness to subordinate the interests of prepetition creditors to the goal of rehabilitation."  *Id.*

In its discussion, the *Adam's Apple* court did not mention an earlier Ninth Circuit case, *In re B & W Enterprises, Inc.*, 713 F.2d 534 (9th Cir. 1983), which questioned whether the "necessity of payment" doctrine survived the 1978 changes to the Bankruptcy Code, and stated that, if it did, the court would apply the doctrine only to railroad cases "absent compelling reasons." *Id.* at 537.  Ultimately, the court in that case declined to apply the doctrine because the appellants had not presented "sufficient justification" for extending the doctrine to the (non-railroad) debtor.  *Id.*  Numerous courts throughout the country have held that the doctrine did survive the 1978 Bankruptcy Code changes and can apply to non-railroad debtors.  *See In re Ionosphere Clubs, Inc., supra*, at 175-176; *In re Just for Feet, Inc.*, 242 B.R. 821 (Bankr. D. Del. 1999); *In re Gulf Air*, 112 B.R. 152, 153 (Bankr. W.D. La.

---

[6] *See also In re Ionosphere Clubs, Inc.*, *supra*, at 176 ("The policy of equality among creditors… may be of significance in liquidation cases under Chapter 7, however, the paramount policy and goal of Chapter 11, to which all other bankruptcy policies are subordinated, is the rehabilitation of the debtor.").

7

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1989) (finding that payment of pre-petition wage and benefit obligations was in the best interest of creditors and necessary for the successful reorganization of the debtor, the court granted the debtor's motion to pay pre-petition employee-related expenses).  Moreover, the *Adam's Apple* court in its discussion did not limit the doctrine to railroad cases only.

The Debtor believes it is advisable, prudent, and necessary under the circumstances described above to pay the prepetition Employee Obligations due and owing to the Employees as proposed.  Priority payment to employees is authorized under section 507(a) and the requested relief merely affects the timing of such payment.  *See* 11 U.S.C. § 507(a). The Employee Obligations that the Debtor seeks to pay or otherwise honor generally constitute priority claims under the Bankruptcy Code, up to the statutory limit of $17,150 per Employee.  As a significant portion of the Employee Obligations that the Debtor seeks to pay or otherwise honor likely constitute priority claims pursuant to section 507(a), which must be paid in full pursuant to section 1129(a)(9) to confirm a plan of reorganization, such priority claims will be paid either now or in the near future.  *See* 11 U.S.C. §§ 507(a) and 1129(a).  Thus, making such payments now will not only prevent disruption of the Debtor's business operations and the services it provides to its constituents as well as personal harm to the Employees.  In no event will the Debtor pay any prepetition Wage or other Employee Obligation more than the statutory cap.

In this district, courts have routinely granted such relief.  *See e.g., In re Gordian Medical, Inc.*, 8:12-12399-MW (Bankr. C.D. Cal. March 5, 2012) [Docket No. 57], *In re Ocean Park Hotels – Toy, LLC, et. al.*, 1:10-bk-15358 GM (Bankr. C.D. Cal. May 11, 2010) [Docket No. 25]; *In re Victor Valley Community Hospital*, 6:10-39537-CB (Bankr. C.D. Cal. Sept. 17, 2010) [Docket No. 30].

**B.    The Court Should Authorize the Debtor to Withhold and Remit Immediately the Payroll Taxes and Employee Deductions that Are Not Property of the Estate**

8

4937-0184-3086, v. 3

Section 541(b)(7) excludes from property of the estate money withheld from an employee's wages for contributions to employee benefit plans, such as a retirement savings or health insurance plan. *See* 11 U.S.C. § 541(b)(7). Section 541(d) excludes "[p]roperty in which the debtor holds, as of the commencement of the Bankruptcy Case, only legal title and not an equitable interest." 11 U.S.C. § 541(d). Deductions such as legally ordered wage garnishments, child support payments, and the Employees' respective 401(k) Plan contributions as well as money withheld by the Debtor from Employees' paychecks on account of the Payroll Taxes fall within sections 541(b)(7) or 541(d) and do not constitute property of the estate. To avoid disruption to the Debtor's business operations, and the interest charges that could result from the nonpayment of the Payroll Taxes and Employee Deductions, the Court should permit the Debtor to cause withholding and remittance of these amounts to the appropriate third parties.

**C.    The Payment of Pre-Petition Employee Wages, Compensation and Benefits on an Interim Basis Is Necessary Under Bankruptcy Rule 6003**

Bankruptcy Rule 6003(b) provides that, to the extent relief is necessary to avoid immediate and irreparable harm, the Court may issue an order within the first 21 days of a chapter 11 case granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition." Fed. R. Bankr. P. 6003(b).

The Employees are a critical component of the Debtor's business. If the Employees are not paid, they will cease working and seek employment elsewhere. Any such disruption would have a devastating effect upon the Debtor's business and consequential value to the creditors. In contrast, if the Debtor obtains the relief sought herein, its business operations will continue in the ordinary course, and the overall value of Debtor's business enterprise will be preserved for creditors. Failure to satisfy the prepetition Employee Obligations with respect to the Employees in the ordinary course of business during the first 21 days of this Bankruptcy Case will jeopardize the Employees' loyalty and

9

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

4937-0184-3086, v. 3

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

trust, not to mention morale, likely causing them to leave the Debtor's employ and severely disrupting the Debtor's operations at this critical juncture, as well as harming the Debtor's going concern value.

Moreover, as the Employees rely on their Wages, Benefits and Employee Reimbursement to pay their living expenses, the effect could be financially ruinous if the Debtor cannot pay the Employee Obligations in the ordinary course of business.  It may be impossible to replace the Employees during the Bankruptcy Case due to the financial constraints imposed while in bankruptcy.  Further, even if it is possible to replace employees who choose to leave, the cost to replace these invaluable Employees may only be at great expense and significant distraction to the Debtor.  Even if no Employees choose to leave, morale would likely suffer and directly impact their work performance and undermine the Debtor's attempt to succeed in bankruptcy.  Accordingly, the Debtor submits that it has satisfied the requirements of Bankruptcy Rule 6003 to support immediate payment of the Employee Obligations.

Further, to implement the foregoing successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h), to the extent these rules are applicable.

## III.    NOTICE

The Debtor will provide notice of this motion by e-mail, overnight or personal delivery to: (i) the OUST for Region 16; (ii) the holders of the 20 largest unsecured claims against the Debtor; (iii) Thompson Coburn LLP as counsel to IMOF; (iv) secured creditor MVB; (v) Fortra Law as counsel to Pacific West Mortgage Fund, LLC; (vi) secured creditor PMF CA REIT, LLC; (vii) secured creditor Bank of Hope; (viii) secured creditor Nvestor Funding, and (ix) secured creditor Beth El Synagogue.  Following the hearing, a copy of this motion and any order entered with respect to it will be served on the foregoing parties and all parties having filed requests for notice in the Bankruptcy Case.

4937-0184-3086, v. 3

## IV.    COMPLIANCE WITH LOCAL BANKRUPTCY RULE 2081-1(a)(6)

As provided by Local Bankruptcy Rule 2081-1(a)(6), (a) the Employees are still employed by the Debtor, (b) the payment of the claims subject to this Motion are necessary in that they will preserve the value of the Debtor's business as well as employee morale and their ability to pay their own respective and ongoing living expenses, (c) the payment of the claims will maximize the Debtor's likelihood for a successful reorganization of its financial affairs, (d) the Debtor intends to file a reorganizing plan, which, in turn, will require the Employees' ongoing employment with the Debtor, (e) except as set forth herein and in the First Day Declaration, the unpaid Wages do not include payments to insiders (or to the extent such Wages are to insiders, will also be subject to the rules governing the approval and payment of insider compensation), (f) the Employees' claims are subject to the limits established under section 507 , and (g) the payments will not render the estate administratively insolvent.

As set forth above, the Motion satisfies all requirements of Local Bankruptcy Rule 2081-1(a)(6).  The Motion seeks an order authorizing the Debtor to pay prepetition payroll obligations for current employees of the Debtor.  *See* L.B.R. 2081-1(a)(6)(A).  This request is necessary because the failure to pay timely the Employees would have a severe negative impact on their morale and potentially cause them to seek employment elsewhere during a critical time for the Debtor.  *See* L.B.R. 2081-1(a)(6)(B).  In contrast, Court authority to pay and honor the Employee Obligations will help ensure that the Employees continue in the Debtor's employ and minimize disruption to the Debtor's business operations.  *See* L.B.R. 2081-1(a)(6)(C).  The Debtor intends to reorganize and cannot do so effectively without the Employees – indeed, they are a vital part of the Debtor's plan to emerge from chapter 11.

Except for those employees identified in the First Day Declaration and in this Motion, the Employees who are owed Wages and/or Benefits are hourly and salaried employees who are not insiders.  *See* L.B.R. 2081-1(a)(6)(E).  The Motion sets forth that all amounts owed to the Employees on account of prepetition Employment Obligations are within the

11

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

4937-0184-3086, v. 3

statutory limits established under section 507.  *See* L.B.R. 2081-1(a)(6)(F).  Finally, the payments proposed will not render the Estate administratively insolvent.  *See* L.B.R. 2081-1(a)(6)(G).

## V.      CONCLUSION

Based on the foregoing, the Debtor respectfully requests that this Court enter an order:

1.      Granting the Motion, on an emergency basis;

2.      Authorizing, but not directing, the Debtor to pay all accrued prepetition employee wage and salary obligations owed by the Debtor, up to the priority limit set forth in section 507(a)(4) of the Bankruptcy Code;

3.      Authorizing, but not directing, the Debtor to pay any and all accrued local, state, and federal withholding, social security, and other tax liabilities on account of its prepetition payroll obligations;

4.      Authorizing, but not directing, the Debtor to pay, continue, or otherwise honor all of the Debtor's obligations under certain employee benefit programs, including, but not limited to, (a) medical, dental, vision, life, disability, and workers' compensation insurance, (b) other benefit programs the Debtor administers in the ordinary course; and (c) reimbursement of prepetition employee business expenses incurred in the ordinary course in accordance with company policy;

5.      Authorizing, but not directing, the Debtor to honor all prepetition vacation, sick leave, holiday, jury duty and other paid leave programs and policies in effect as of the Petition Date in connection with the Employee Obligations;

6.      Authorizing the Debtor to retain its prepetition payroll account(s) and all general operating accounts for 30 days, and directing the Debtor's prepetition bank and other financial institutions to honor and pay all pre- and post-petition checks issued, or to be issued, and to fund transfers requested, or to be requested, by the Debtor in connection with the Employee Obligations;

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

12

4937-0184-3086, v. 3

7.    Authorizing the Debtor to issue new post-petition checks or fund transfer requests related to the prepetition Employee Obligations that may have been dishonored by the banks and/or financial institutions as necessary and appropriate;

8.    Waiving the notice requirements under Rule 6004(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h); and

9.    Granting such other and further relief as is just and proper under the circumstances.

Dated:  March 13, 2026          GOLDEN GOODRICH LLP


By:    _/s/ Jeannie Kim_____
          DAVID M. GOODRICH
          JEANNIE KIM
Proposed Attorneys for Pico-Union Housing Corp.

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

13

4937-0184-3086, v. 3