PETER C. ANDERSON
UNITED STATES TRUSTEE
MICHAEL JONES, State Bar No. 271574
ASSISTANT UNITED STATES TRUSTEE
Kelly L. Morrison, State Bar No. 216155
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017-5418
(213) 894-2656 telephone
Email: Kelly.L.Morrison@usdoj.gov

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - Los Angeles Division

| | |
|---|---|
| In re:<br><br>PICO-UNION HOUSING CORP.,<br><br>        Debtor. | Case No. 2:26-bk-12372 VZ<br><br>Chapter 11<br><br>UNITED STATES TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING DEBTOR TO MAINTAIN PREPETITION BANK ACCOUNTS<br><br>Hearing:     March 17, 2026<br>Time:       12:30 p.m.<br>Ctrm:       1368<br>            255 East Temple Street<br>            Los Angeles, CA 90012 |

TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, DEBTOR'S ATTORNEY AND ALL OTHER INTERESTED PARTIES:

The United States Trustee objects to Debtor's Motion for Order Authorizing Debtor to Maintain Prepetition Bank Accounts (the "Motion") filed March 13, 2026 (Docket No. 4) as follows.

Bankruptcy Code Section 345 obligates Debtors to protect their money from possible failure of the institutions that hold their money. Although section 345 does not mention the United States Trustee Program ("USTP"), the USTP, in accordance with its supervisory duties under 28 U.S.C. § 586, works to protect debtor in possession funds by its uniform depository agreements ("UDAs")

1

with authorized depositories for the benefit of bankruptcy estates. UDAs obligate depositories to maintain collateral for bankruptcy funds on deposit of at least 115% of debtor in possession and trustee deposits that exceed FDIC insurance limits. UDAs also require the authorized depositories to report on a quarterly basis to the USTP all depository accounts held by debtors in possession at the authorized depository and the bonds or collateral posted at the FED to protect such accounts so the USTP can verify that the bankruptcy estate accounts are properly collateralized and that all debtor in possession accounts are properly designated and identified. The USTP maintains a list of institutions that have executed UDAs, regularly provides this list to debtors' advisors, and periodically updates its current list of authorized depositories on its website. The approved list of depositories are on regional, and sometimes office-by-office, bases.

    1.  Debtor's Proposal to Maintain Prepetition Accounts.

The Debtor attempts to justify its request to maintain four existing operating accounts ("Operating Accounts") existing accounts by arguing that such maintenance is necessary to avoid disruption to its business. The Debtor further suggests, that, among other things, the Debtor shall (a) change the signature cards to reflect "Debtor in Possession" status; (b) "open any new bank accounts and close bank accounts" so long as Debtor provides notice to the UST; and (e) transfer, at the end of each business day or such other appropriate periodic interval, to the general operating DIP account all monies received or deposited into the Operating Accounts. The Motion does not propose any anticipated date that the Operating Accounts would be closed.

    2.    The United States Trustee's Response.

As explained above, the United States Trustee requires use of debtor in possession bank accounts because the United States Trustee requires those accounts to be collateralized separate and apart from FDIC insured deposits. Additionally, those banks that have agreed to maintain debtor in possession accounts report to the United States Trustee on such accounts separate and apart from debtors. Accounts not opened as debtor in possession accounts do not have such requirements and the United States Trustee cannot seek such requirements for non-debtor in possession accounts. Therefore, even though the Operating Accounts are held at Chase, because they were not opened as DIP accounts, Chase is not required to collateralize them or report on them in the same manner.

Simply changing the designation on the signature cards does not act to transform the Operating Accounts into properly collateralized DIP accounts.

If the Court determines that the Debtor needs to maintain the Operating Accounts to collect funds deposited electronically and the Court allows the Debtor to retain the prepetition accounts, the United States Trustee proposes that Court only allow the Debtor to maintain the Operating Accounts for up to 90 days post-petition for the limited purpose of processing those specific deposits and arranging for the transfer of its transactions involving the pre-petition accounts to its DIP account(s).  In addition, all funds must be swept into the new DIP accounts no less frequently than a weekly basis so that no funds are routinely maintained in a non-DIP account, and the balance in the Operating Accounts must never exceed $210,000.  The United States Trustee also requests that the Court order that no checks or other payments may be made from the Operating Accounts and all outstanding checks and auto payments must have a "stop payment" issued thereon to avoid payment of other pre-petition debt.

Finally, the United States Trustee requests that proof of establishment of the DIP accounts and sweep procedures must be provided to the United States Trustee on or before June 15, 2026.  If no such proof is provided, the United States Trustee requests that the Court authorize the United States Trustee to file an Application for dismissal or conversion of the case, supported by a written declaration, with admissible evidence, documenting such failure to provide proof.

WHEREFORE, the United States Trustee requests this Court deny the relief requested for the reasons stated above, unless the Debtor can satisfy the conditions suggested herein by the United States Trustee.

Date:  March 16, 2026

**PETER C. ANDERSON**
**UNITED STATES TRUSTEE**

By: _Kelly L. Morrison_
Kelly L. Morrison
Attorney for the United States Trustee

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

915 Wilshire Blvd., Ste. 1850, Los Angeles, CA  90017

A true and correct copy of the foregoing document entitled (*specify*): UNITED STATES TRUSTEE'S OPPOSITION TO
DEBTOR'S MOTION FOR ORDER AUTHORIZING DEBTOR TO MAINTAIN PREPETITION BANK ACCOUNTS

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 3/16/26 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 3/16/26 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 3/16/26 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/16/26 | Kelly L. Morrison | /s/ Kelly L. Morrison |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

## SECTION I – ECF SERVICE

Romano Marapao De Guzman, interested party, rdeguzman@scif.com

Marina Fineman, counsel for interested party, m.fineman@fortralaw.com, concierge@fortralaw.com

David M Goodrich, debtor's counsel, dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

Jeannie Kim, debtor's counsel, jkim@go2.law, dfitzgerald@go2.law;kadele@go2.law;lusmani@go2.law;cmeeker@go2.law;cbmeeker@gmail.com

Kelly L Morrison, counsel for UST, kelly.l.morrison@usdoj.gov

United States Trustee (LA), UST, ustpregion16.la.ecf@usdoj.gov

## SECTION II – MAIL SERVICE

**Judge:**
Hon. Vincent P. Zurzolo
U.S. Bankruptcy Court
255 E. Temple Street, Ste. 1360
Los Angeles, CA  90012

**Debtor:**
Pico-Union Housing Corporation
1038 Venice Blvd.
Los Angeles, CA 90015

## SECTION III – EMAIL/PERSONAL SERVICE

Judge:
Chambers_vzurzolo@cacb.uscourts.gov

Debtor's Counsel
dgoodrich@go2.law
jkim@go2.law
stidd@go2.law